IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY DALE HICKS #552891 | § | |
| v. | § | CIVIL ACTION NO. 6:05cv158 |
| RAYNALDO CASTRO, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Larry Hicks, proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hicks complained that prison officials had unlawfully taken money from his prison trust account, ostensibly as a result of a disciplinary case which he received in December of 2004. He also said that his personal property was taken to the extortion department, where guards ate his candy bars and drank his sodas.

After a review of the complaint, the Magistrate Judge issued a Report on September 14, 2005, recommending that the lawsuit be dismissed. The Magistrate Judge observed that Hicks had not shown that his disciplinary case had been overturned or set aside, as required by Edwards v. Balisok, 520 U.S. 641 (1997). The Magistrate Judge also concluded that adequate state remedies existed, precluding Hicks' claims concerning the random and unauthorized takings of property. As the Magistrate Judge stated, Hicks did not challenge the validity of the prison disciplinary proceedings themselves, but the allegedly unlawful and unauthorized actions of various prison officials; hence, his claim is one of a random and unauthorized taking of property, and so the availability of adequate state post-deprivation remedies renders his federal claim without merit.

Holloway v. Walker, 790 F.2d 1170, 1173 (5th Cir. 1986) (opinion on rehearing); Collins v. King, 743 F.2d 248, 254 (5th Cir. 1984).

Hicks filed objections to the Magistrate Judge's Report on September 22, 2005. These objections consist of little more than vituperative insults directed at this Court and do not address the substance of the Magistrate Judge's Report. He does complain that the disciplinary case did not say that the money was forfeited, and that he received no due process in the course of the forfeiture; these allegations simply confirm the Magistrate Judge's conclusion that the taking of Hicks' money was a random and unauthorized act, and so the availability of an adequate state post-deprivation remedy vitiates his federal claim. Hicks' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and other evidence in the cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice under 28 U.S.C. §1915A, but without prejudice as to any claims in state court or through the administrative processes of TDCJ-CID which Hicks may elect to pursue. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 2nd day of October, 2005.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**